IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12cv164

| | |
|---|---|
| JOHN JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| NATIONWIDE EXPRESS, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Pending before the Court is Defendant's Motion to Change Venue [# 2]. Defendant moves to transfer this case to the United States District Court for the Middle District of Tennessee pursuant to a forum selection clause in an agreement entered into between the parties. The Court **RECOMMENDS** that the District Court **GRANT** the motion [# 2] and **TRANSFER** this case to the Middle District of Tennessee.

**I.	Background**

Plaintiff, who is a citizen of North Carolina, brought this action against his employer, Defendant Nationwide Express, Inc. (Pl.'s Compl. ¶ 1.) Defendant offered its employees the opportunity to purchase life insurance through Mutual of Omaha, and Plaintiff purchased a supplement life insurance policy for this wife.

-1-

(Id. ¶ 13.) Plaintiff obtained the policy through Defendant and the policy was paid for through payroll deductions. (Id. ¶ 14.)

Subsequently, Plaintiff's spouse died, and Plaintiff applied for benefits under the policy. (Id. ¶¶ 16-17.) Mutual of Omaha denied coverage on the basis that Plaintiff's spouse was disabled prior to Plaintiff's enrollment in the policy. (Id. ¶ 17.) Plaintiff then brought this action for breach of contract, misrepresentation, and unfair trade practices against Defendant. (Id. ¶¶ 21-31.) Defendant now moves to transfer venue to the Middle District of Tennessee based on a forum selection clause contained in the Agreement for Employee Services entered into by Plaintiff and Defendant. This forum selection clause provides that:

> Employee further agrees that all actions of legal nature brought by or on behalf of the employee against Nationwide Express, Inc. shall be brought in the Courts of Bedford County, Tennessee or in the United States District Court for the Middle District of Tennessee. Employee further agrees that the laws of the state of Tennessee shall govern reference the terms and conditions of this agreement.

(Ex. 1 to Def.'s Mot. Change Venue.)

**II. Analysis**

It is well settled that forum selection provisions in contracts are presumptively valid and enforceable. Allen v. Lloyd's of London, 94 F.3d 923, 928 (4th Cir. 1996); AC Controls Co., Inc. v. Pomeroy Computer Res., Inc., 284 F. Supp. 2d 357, 360 (W.D.N.C. 2003) (Mullen, J.). Of course, this presumption is

not absolute, and a party may overcome the enforceability of such a provision by a "clear showing" that the provision is unreasonable under the circumstances. Allen, 94 F.3d at 928. The United States Court of Appeals for the Fourth Circuit has set forth four situations where a forum selection clause may be unreasonable:

> (1) [its] formation was induced by fraud or overreaching; (2) the complaining party "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) [its] enforcement would contravene a strong public policy of the forum state.

Id.; Albemarle Corp. v. Astrazeneca UK Ltd, 628 F.3d 643, 651 (4th Cir. 2010).

Defendant made a primae facie showing of the application and enforceability of the forum selection clause at issue in its motion. In response to the motion, Plaintiff offers the following argument, "Plaintiff requests that his lawsuit not be dismissed and that the venue of the action not be transferred." (Pl.'s Resp. Def.'s Mot. Change Venue at p. 1.) Plaintiff, who is represented by counsel, submitted no legal brief in opposition to the motion and has not set forth any ground for why the Court should not enforce the forum selection clause and transfer this case to the Middle District of Tennessee. In fact, Plaintiff does not even address any of the four grounds set forth by the Fourth Circuit for determining when enforcement of a forum selection clause may be found unreasonable under the circumstances. Because it is Plaintiff's burden to overcome the presumption of validity of the

forum selection clause and make a clear showing that the clause is unreasonable under the circumstances, <u>Allen</u>, 94 F.3d at 928, the Court **RECOMMENDS** that the District Court **GRANT** the motion [# 2] and transfer this case to the Middle District of Tennessee, as Plaintiff has failed to satisfy his burden.

### III.  Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the Motion to Change Venue [# 2] and **TRANSFER** this case to the United States District Court for the Middle District of Tennessee.

Signed: July 22, 2012

Dennis L. Howell
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).